**BENNETT et ux. v. LUTHER et al.**

**No. 9845.**

Court of Civil Appeals of Texas. Galveston.
April 28, 1933.

Rehearing Denied May 11, 1933.

E. A. Knipp, of Houston, and J. S. Kiibler, of La Porte, for appellants.

W. H. Graham, of Houston, for appellees.

LANE, Justice.

G. A. Luther and others, as trustees of the Seabrook Temple of the Assemblies of God, an unincorporated religious association, brought this suit against W. E. Bennett and wife, Annie Bennett, to recover certain land described in their petition and for damages.

The plaintiffs alleged that on the 22d day of August, 1931, they, as such trustees, were and still are owners of the land described in their petition; that they held under a deed of date January 11, 1930, executed by W. E. Bennett and wife, Annie Bennett, to Willie Wiggins; that on said last-named date they were in possession of such premises, and that on the 22d day of August, 1931, defendants unlawfully entered upon and dispossessed them of such premises and withholds the same from them; that defendant W. E. Bennett, while in unlawful possession of the premises, destroyed the small church thereon to their damage in the sum of $250.

They pray for judgment decreeing title to the property sued for in them as trustees, for damages, and for rents.

Defendants answered by general demurrer, general denial, and plea of not guilty.

In a trial before the court without a jury judgment was rendered for the plaintiffs for the premises sued for, and for damages in the sum of $310; from which judgment Bennett and wife have appealed.

For reversal of the judgment appellants contend that the undisputed evidence shows that the property sued for is a part of their homestead; that the land composing their homestead was conveyed to them by a deed from Ben Campbell on the 30th day of September, 1922; that they shortly thereafter took possession of the premises by virtue of said deed, and have ever since remained in possession thereof; that there was no evidence showing a title to the land sued for in the appellees, or that they were ever in possession thereof. Wherefore, the trial court erred in rendering judgment for the appellees, their being no evidence to support such judgment.

We sustain appellants' contention.

It is shown that appellants took possession of the premises, of which the land in controversy is a part, by virtue of a deed to them by Ben Campbell of date September 30, 1922; that they made the premises as a whole their homestead.

Plaintiffs sought to introduce in evidence a deed dated January 11, 1930, purporting to have been executed and delivered by Bennett and wife to Willie Wiggins, and purporting to convey to Wiggins the land sued for. Objection was made to the introduction of such deed in evidence by counsel for defendants upon the grounds that it does not describe any property in the state of Texas, that it does not state in what state and county the property is situated, but just says Seabrook.

Ruling upon such objections, the court made the following statement: "I would have to take judicial knowledge of the fact that Seabrook is in Harris County, Texas. I will take the objection with the testimony."

We have carefully examined the entire statement of facts, and we find that the purported deed from Bennett and wife to Wiggins does not appear therein, nor is there any evidence showing the form of such deed, that is, as to whether it was such an instrument as would legally convey real estate, nor is there any evidence showing that such deed, if good, described the land sued for in this suit.

It is shown that Bennett and wife went into possession of a tract of land, which includes the land sued for, under and by virtue of a deed executed and delivered by Ben Campbell to them, conveying said land to them by metes and bounds. The undisputed evidence shows that Bennett and wife never at any time relinquished their possession, and that as to appellees Bennett and wife were prior possessors.

G. A. Luther, one of the plaintiffs, testified

that he had known W. E. Bennett for six years prior to the trial of this cause; that Bennett had lived on the front end of the tract of which the land sued for is a part; that the land sued for is a part of the lot claimed by Bennett; that Bennett lived on the front part of the lot and the part sued for is the back part of the same piece of ground, all being under the same inclosure, and all owned by Bennett; that he did not know who built the small church on the lot, but he knew that several persons contributed money to aid in its construction; that Mr. Bennett had the church built, and he owned it and used it; that he had meetings there, prayer meetings and church; that all the premises, where Bennett lived and where the church was located, was under one inclosure; that as a matter of fact he, plaintiff, and witness, had never made use of the property sued for; that Bennett had possession all the time and had never relinquished possession of it.

O. P. Christie, a witness and one of the plaintiffs, testified that so far as he knew Bennett was the owner of the property sued for before the deed was made to Wiggins.

There was no other evidence relative to the matters testified about by Luther and Christie.

It seems to be, and should be, conceded that as to plaintiffs Bennett and wife were prior possessors of the land, and that unless plaintiffs had possession thereof under some title and possession emanating from Bennett and wife, they were, if in possession, mere naked trespassers.

Since the contents and legal effect of the purported deed from Bennett and wife to plaintiffs, if there be such deed, is not disclosed, and since appellees can base their right to a recovery upon a deed of conveyance from Bennett and wife only, it is clearly apparent that there was no evidence to support the judgment rendered. But since it is made to appear that whether or not Bennett and wife had in fact conveyed the property to appellees was not fully developed, the judgment is reversed, and the cause remanded.

Reversed and remanded.